Freeburg Law LLC
Alex Freeburg, Bar No. 7-5182
PO Box 3442
Jackson, WY 83001
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT WYOMING

SHEILA VANBUSKIRK,

               Plaintiff,

vs.

TETON & STONE, LLC, D/B/A BEST
WESTERN OUTLAW INN,

               Defendant.

Case No.

## COMPLAINT AND JURY DEMAND

COMES NOW, Plaintiff, by and through counsel, and for her *Complaint* against Teton & Stone, LLC, D/B/A Best Western Outlaw Inn, alleges as follows:

## INTRODUCTION

Plaintiff, Sheila VanBuskirk, is 52 years old.  In December of 2020, she was traveling with her husband through Rock Springs, Wyoming. On December 17, 2020, the couple stayed the night at the Best Western Outlaw Inn in room 350. When she woke up the next morning, Ms. VanBuskirk went to shower in the bathtub. The floor of the tub had no texture, or non-slip service, as required by industry standards and Best Western policy.  As Ms. VanBuskirk was standing in the shower, she turned, slipped and fell. Her chest hit the porcelain edge of the tub. She fractured five ribs. Two ribs were displaced and required surgery. To date, her medical bills exceed $90,000.00. She continues to experience pain and is limited in her ability to work.

## THE PARTIES, JURISDICTION AND VENUE

1. Ms. VanBuskirk is a resident of South Dakota.

2.  Defendant Teton & Stone, LLC (Teton & Stone) is a limited liability company organized under the laws of Wyoming.

3.  Teton & Stone's principal place of business is the hotel located at 1630 Elk Street, Rock Springs, Wyoming. Its registered agent for service of process is Michael Stulken, 15 S Sumner Ave., Ste. 105, Newcastle, WY 82701. The hotel operates under the trade name "Best Western Outlaw Inn."

4.  This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interests and costs, and Plaintiff and Defendant are citizens of different states.

5.  This Court has personal jurisdiction over Defendant because this action arises out of Defendant's negligence caused by their acts and/or omissions within Wyoming and affecting Plaintiff. Further, Defendant has sufficient minimum contacts with the forum state and have purposefully availed themselves of the privilege of conducting activities within Wyoming. The exercise of jurisdiction over Defendant by this Court would not offend traditional notions of fair play and substantial justice. Similarly, it would not offend the due process clauses of the federal or state constitutions.

6.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Wyoming.

**FACTUAL ALLEGATIONS**

7.  Ms. VanBuskirk rented a room from the Best Western Outlaw Inn for the night of December 17, 2020.

8.  Best Western Outlaw Inn assigned Ms. VanBuskirk room 350 for her stay.

9.  Ms. VanBuskirk was a lawful occupant of room 350.

10. On December 17 and 18, 2020, the floor of the shower in room 350 lacked any texture.

11. On December 17 and 18, 2020, the floor of the shower in room 350 lacked a non-slip surface.

12. On December 17 and 18, 2020, Best Western Outlaw Inn staff did not provide any non-slip mats for room 350 in violation of Best Western Outlaw Inn policy and procedure.

13. On the morning of December 18, 2020, Sheila VanBuskirk went to shower.

14. She entered the shower and stood in the tub. She turned on the water. After a few minutes, she turned and fell, landing on the edge of the porcelain tub. She called to her sleeping husband for help. Her husband is hearing impaired, so he did not wake up.

15. Ms. VanBuskirk crawled across the room to her husband. He woke up and took her to the hospital. On the way, they stopped at the front desk to notify the hotel clerk of the incident and ask for directions to the nearest hospital. The front desk clerk only said, "that's unfortunate."

16. Ms. VanBuskirk went to the emergency room, where the CT scan showed fractured ribs. She was directed to follow up with a cardiothoracic surgeon to determine whether plating the ribs was be necessary.

17. In February of 2021, she had surgery to plate two ribs.

18. Upon information and belief, Best Western Outlaw Inn is subject to a franchise agreement with Best Western International.

19. Upon information and belief, the franchise agreement requires Best Western Outlaw Inn to provide a non-slip surface in the floor of the shower.

20. Upon information and belief, the franchise agreement requires Best Western Outlaw Inn to provide guests such as Ms. VanBuskirk with high quality and safe lodging.

## CLAIMS FOR RELIEF

### First Claim: Premises Liability

21. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

22. Defendant Best Western Outlaw Inn owed Ms. VanBuskirk a duty of care to maintain room 350 in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk.

23. Defendant Best Western Outlaw Inn must use reasonable care to keep the premises in a safe condition and is charged with an affirmative duty to protect visitors against dangers known to it and dangers discoverable with the exercise of reasonable care.

24. Defendant Best Western Outlaw Inn breached its duty of care to Ms. VanBuskirk by:

   a. Failing to maintain room 350 in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to another, the seriousness of the injury, and the burden of avoiding the risk;

   b. Failing to protect Ms. VanBuskirk from dangers known to it and dangers discoverable with the exercise of reasonable care;

   c. Failing to assign Ms. VanBuskirk a room with a safe tub;

   d. Failing to install a non-slip tub;

   e. Failing to provide a bathmat or non-slip surface for use in the tub;

   f. Failing to follow hotel industry standards;

   g. Failing to follow Best Western International standards; and,

   h. Other acts and omissions.

25. As a result of Defendant Best Western Outlaw Inn's breach of its duty of care, Ms. VanBuskirk sustained significant injuries and damages.

26. Defendant Best Western Outlaw Inn's breach of its duty of care was the cause in fact and proximate cause of Ms. VanBuskirk injuries and damages, which are further set forth below.

## Second Claim: Negligence

27. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

28. Defendant Best Western Outlaw Inn owed Ms. VanBuskirk a duty of ordinary care under the circumstances.

29. Defendant Best Western Outlaw Inn breached its duty of care to Ms. VanBuskirk by:

   a.   Failing to provide a room with a safe tub;

   b.   Failing to assign Ms. VanBuskirk a room with a safe tub;

   c.   Failing to install a non-slip tub;

   d.   Failing to provide a bathmat or non-slip surface for use in the tub;

   e.   Failing to follow hotel industry standards;

   f.   Failing to follow Best Western International standards;

   g.   Failing to act as a reasonable person in the operation of the Best Western Outlaw Inn; and,

   h.   Other acts and omissions.

30. As a result of Defendant Best Western Outlaw Inn's breach of its duty of care, Ms. VanBuskirk sustained significant injuries and damages.

31. Defendant Best Western Outlaw Inn's breach of its duty of care was the cause in fact and proximate cause of Ms. VanBuskirk injuries and damages, which are further set forth below.

## DAMAGES

32. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

33. Defendant's negligent acts and omissions proximately caused Ms. VanBuskirk to suffer the following injuries and damages:

   a.   Past, present and future medical expenses in an amount to be proven at trial;

   b.   Past, present and future physical pain and suffering in an amount to be proven at trial;

    c.   Past, present and future mental and emotional pain and suffering in an amount to be proven at trial;

    d.   Past, present and future loss of enjoyment of life in an amount to be proven at trial;

    e.   Past, present and future loss of income and earning capacity in an amount to be proven at trial;

    f.   Past, present, and future pecuniary losses in an amount to be proven at trial;

    g.   Caretaking, including the reasonable expense of necessary help in the home that has been required as a result of the injury and any such help that is reasonably probable to be required in the future;

    h.   Disability and disfigurement, whether temporary or permanent;

    i.   All other damages allowed under the laws of the State of Wyoming for Plaintiff's injuries; and,

    j.   All allowable costs, expenses, and fees associated with this litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff request this Court grant judgment as follows:

1. Judgment against Defendant for general damages in an amount consistent with these allegations and proven at trial;

2. Judgment against Defendant for special damages in an amount consistent with these allegations and proven at trial;

3. Judgment against Defendant for punitive damages in an amount consistent with these allegations and proven at trial; and,

4. Judgment against Defendant for costs, interest, and other and further relief as the Court deems just and equitable.

Dated   8.6.2021 .

_____
Alex Freeburg, Bar No. 7-5182
Freeburg Law LLC
PO Box 3442
Jackson, WY 83001

## DEMAND FOR JURY TRIAL

Plaintiff, through counsel, requests that this matter be tried to a jury, pursuant to Federal

Rule of Civil Procedure 38.

Dated   8.6.2021 .

_____
Alex Freeburg, Bar No. 7-5182
Freeburg Law LLC
PO Box 3442
Jackson, WY 83001